```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN J. TORPEY, et. al.,

                  Plaintiffs,              MEMORANDUM & ORDER
                                           10-CV-1404 (JS)(ETB)
      -against-

RELIABLE FIRE PROTECTION CORP.,

                  Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:   Edward J. Groarke, Esq.
                  Colleran, O'Hara & Mills, LLP
                  1225 Franklin Ave., Suite 450
                  Garden City, NY 11530

For Defendant:    No appearances
```

SEYBERT, District Judge:

Plaintiffs have moved for a default judgment. For the following reasons, that motion is GRANTED.

## BACKGROUND

On March 29, 2010, Plaintiffs commenced this action. Defendant failed to answer Plaintiffs' Complaint or otherwise appear in this litigation. So, on June 7, 2010, Plaintiffs moved for entry of a default judgment. Two days later, the Clerk of the Court certified Defendant's default. On June 14, 2010, the Court referred Plaintiffs' default judgment motion to Magistrate Judge E. Thomas Boyle for his Report and Recommendation ("R&R") concerning whether a default judgment should be entered and what, if any, damages should be awarded.

After considering Plaintiffs' papers and conducting an inquest, Magistrate Judge Boyle then issued, on December 3, 2010, an R&R recommending that a default judgment be entered and that Plaintiffs be awarded certain specified damages and other relief. No party filed any objections to Magistrate Judge Boyle's R&R.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotations omitted).

Here, no party objected to Magistrate Judge Boyle's R&R. And the Court finds his R&R to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

Consequently, the Court awards Plaintiffs a default judgment, and further awards Plaintiffs the following damages: (1) unpaid withdrawal liability in the amount of $348,489.00; (2) interest in the amount of $22,428.79[1]; (3) liquidated damages

---

[1] Magistrate Judge Boyle awarded interest through September 14, 2010 in the amount of $18,568.85. See R&R at 9. The actuary

in the amount of $69,697.80; (4) attorney's fees in the amount of $12,838.50; (5) actuarial fees in the amount of $4,909.75; and (6) costs in the amount of $715.04, for a total monetary award of $459,078.88, plus post-judgment interest to be calculated and assessed under 28 U.S.C. § 1961.

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:     January 26, 2011
           Central Islip, New York

---

then calculated interest through December 13, 2010 in the amount of $2,391.66, with additional <u>per diem</u> interest at $33.47 per day, assuming a 3.25% Pension Benefit Guaranty Corporation ("PBGC") interest rate. <u>See</u> Docket No. 17. The PBGC interest rate has remained at 3.25% since then. <u>See</u> http://www.pbgc.gov/prac/interest/monthly/miru011511.html (last visited January 26, 2011). Consequently, Defendant owes an additional $1,468.28 in interest (the $33.37 <u>per diem</u> times 44 days) for the period beginning December 14, 2010. This leads to a total award of $22,428.79.